HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HENRY A. UMOUYO,

    Plaintiff,

v.

BANK OF AMERICA, N.A.; CARRINGTON MORTGAGE SERVICES, LLC; AND ANY UNKNOWN HEIRS, DEVISEES, GRANTEES, CREDITORS, AND OTHER UNKNOWN PERSONS OR UNKNOWN SPOUSES CLAIMING BY, THROUGH AND UNDER BANK OF AMERICA, N.A.,

    Defendant.

Case No. 2:16-CV-01576-RAJ

ORDER

## I. INTRODUCTION

This matter comes before the Court on Plaintiff's Motion to Remand (Dkt. # 10) and Plaintiff's Motion for Preliminary Injunction (Dkt. # 12). For the reasons stated below, the Court **DENIES** both motions.

## II. BACKGROUND[1]

---

[1] As noted below, the Court, in accordance with Fed. R. Evid. 201, takes judicial notice of certain documents. *Infra* § III.A.

ORDER – 1

On January 10, 2008, Plaintiff Henry A. Umouyo ("Plaintiff") took out a mortgage loan for $329,824.00 from CTX Mortgage Company, LLC. Dkt. # 1-1 at ¶ 11, Ex. 3. Plaintiff's loan is secured by a Deed of Trust ("DOT") on real property, located at 11708 SE 238th Street, Unit 12, Kent, Washington ("Property"). *Id.* at ¶ 12, Ex. 4. The DOT was recorded on June 2, 2010 in King County, and was assigned to BAC Home Loans, Servicing LP, fka Countrywide Home Loans Servicing, LP ("BAC"). King County Auditor Instrument # 20100602000169. On the same day, an Appointment of Successor Trustee was assigned to Reconstrust Company, N.A. ("Reconstrust"). King County Auditor Instrument # 20100602000170. Then, on October 24, 2011, the DOT was assigned to Bank of America, N.A. ("BANA"). King County Auditor Instrument # 20111024001172.

In August 2009, Plaintiff stopped paying his mortgage loan. Dkt. # 1-1 at ¶ 36, Ex. 2. On October 6, 2009, BAC, the servicer at the time, issued a Notice of Intent to Accelerate. Dkt. # 1-2. The Notice of Intent to Accelerate ("the Notice") warned Plaintiff that "if the default is not cured on or before November 5, 2009, the mortgage payments **will be accelerated** with the full amount remaining accelerated and becoming due and payable in full." *Id*. In July 2010, a Notice of Trustee's Sale was recorded in King County, which set a trustee's sale of the Property for October 29, 2010. *Id*. at Ex. 8; King County Auditor Instrument # 20100729000513. However, on September 23, 2011, Recontrust discontinued the sale. Dkt. # 1-1 at ¶ 29; King County Auditor Instrument # 20110923000439.

On September 9, 2016, Plaintiff filed this action in King County Superior Court, seeking to quiet title to the Property. Dkt. # 1-1. Plaintiff is a citizen of Washington State. Dkt. # 1-1. Defendant BANA is a citizen of North Carolina, where its main office is located. Dkt. # 1 at 3. Defendant Carrington Mortgage Services, LLC ("Carrington")

ORDER – 2

is a citizen of Delaware, California, and Connecticut.[2] *Id.* No members of Carrington or its subsidiary members are citizens of Washington. *Id.* Additionally, the amount in controversy exceeds $75,000.00. Dkt. # 1-1, Ex. 3; Dkt. # 1 at 3. Noting that the requirements of 28 U.S.C. § 1332 were met, Defendants timely removed the action. Dkt. # 1. On October 20, 2016, Plaintiff filed a Motion to Remand. Dkt. # 10. Plaintiff subsequently filed a Motion for Preliminary Injunction. Dkt. # 12.

### III. DISCUSSION

**A.    Judicial Notice[3]**

Defendant requests that the Court take judicial notice of certain documents. Among these documents are: (1) an assignment of deed of trust, King County Auditor Instrument # 20100602000169; (2) an appointment of successor trustee, King County Auditor Instrument # 20100602000170; (3) an assignment of deed of trust, King County Auditor Instrument # 20111024001172; (4) a notice of trustee's sale, King County Auditor Instrument # 20100729000513; (5) a notice of discontinuance of trustee's sale, King County Auditor Instrument # 20110923000439; and (6) BANA's judicial foreclosure action against Plaintiff, *Bank of America, N.A. v. Umouyo, et al.*, No. 14-2-18637-1. Each of these documents is available at http://www.kingcounty.gov/depts/auditor.aspx or http://www.courts.wa.gov/.

Under Rule 201, a court may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial

---

[2] Although BANA is named as a defendant on Defendant's Notice of Removal, Defendant Carrington asserts that BANA has not been properly served. Dkt. # 1 at 3.

[3] In its opposition to Plaintiff's Motion for Preliminary Injunction, Defendant requests judicial notice of documents. Dkt. # 13 at 2-3. However, no such request for judicial notice appears on the docket. Defendant's Notice of Removal attaches Plaintiff's Complaint, which includes some of the Defendant's referenced documents, but not all. Dkt. # 1-1. Parties must properly file "the necessary information" under Rule 201. Fed. R. Evid. 201. Nonetheless, the Court has located the documents of which Defendant seeks judicial notice at http://www.kingcounty.gov/depts/auditor.aspx or http://www.courts.wa.gov/. The parties are warned that the Court will not continue to overlook noncompliance with Rule 201. Fed. R. Evid. 201.

ORDER – 3

jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Certain public records qualify under the second category, including the "records and reports of administrative bodies." *United States v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003) (quoting *Interstate Nat. Gas Co. v. S. Cal. Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1953)).

Here, the contents of these documents are not subject to reasonable dispute, as they "are authentic documents recorded with a governmental agency." *Gelinas v. U.S. Bank, NA*, No. 16-1468-JLR, 2017 WL 553277, at *3 (W.D. Wash. Feb. 10, 2017). Therefore, the Court takes judicial notice of the foregoing publically recorded King County documents.

**B.      Plaintiff's Motion to Remand**

"Federal courts are courts of limited jurisdiction." *Heacock v. Rolling Frito-Lay Sales, LP*, No. C16-0829-JCC, 2016 WL 4009849, at *1 (W.D. Wash. July 27, 2016); *see* 28 U.S.C. §§ 1331–1332. District courts have "original jurisdiction" over causes of action "where the matter in controversy exceeds the sum or value of $75,000" and where there is complete diversity between the parties. 28 U.S.C. § 1332(a)(1). Complete diversity exists when the parties are domiciled in separate states. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). An individual is a citizen of the state in which he is domiciled, not his state of residence. *Id*. A "corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business." *Heacock*, 2016 WL 4009849, at *1 (quoting *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990)). Additionally, "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)

Under 28 U.S.C. § 1441, a defendant may remove a case from state court to federal court if the case becomes removable on the basis of diversity. *See* 28 U.S.C. § 1441. Removal statutes are construed restrictively, and the removing defendant bears the

ORDER – 4

burden of establishing that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992). Any doubts as to the right of removal are resolved in favor of remanding the case to state court. *Id.*; *see also Zazueta v. Nationstar Mortgage LLC*, No. 3:16-CV-05893-RJB, 2017 WL 74682, at *1 (W.D. Wash. Jan. 9, 2017).

Plaintiff argues that that removal is improper because Carrington did not obtain consent to remove from co-defendant BANA. Dkt. # 10. Carrington responds that removal is proper because (1) Plaintiff did not properly serve BANA via U.S. mail, and (2) even if service was proper, BANA consented to removal. Dkt. # 11.

The Ninth Circuit has held that the "filing of a notice of removal can be effective without individual consent documents on behalf of each defendant." *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009). Further, a defendant's removal notice "containing an averment of the other defendants' consent and signed by an attorney of record is sufficient." *Id.* at 1225; *see also Bennett v. Chicago Title Ins. Co.*, No. C13-1354RSL, 2013 WL 6795167, at *1 (W.D. Wash. Dec. 17, 2013); *Bavand v. OneWest Bank FSB*, No. C12-0254JLR, 2012 WL 1884668, at *5 (W.D. Wash. May 22, 2012). Here, Carrington indicated in its Notice of Removal that BANA is "also represented by the undersigned counsel" and that BANA consents to removal. Dkt. # 1 at 3. Additionally, the attorney of record for Carrington signed the Notice of Removal. *Id.* Therefore, the Court finds that Defendant properly removed under 28 U.S.C. §§ 1332 and 1441.

Accordingly, the Court **DENIES** Plaintiff's Motion to Remand. Dkt. # 10.

**C.     Plaintiff's Motion for a Preliminary Injunction**

In his Motion for Preliminary Injunction, Plaintiff requests that the Court restrain Defendant from "conducting any foreclosure activity, change of servicer, [and] change of mortgage ownership." Dkt. # 12 at 3. Plaintiff's quiet title claim relies on the premise that the statute of limitations has run on Defendant's ability to foreclose. Dkt. # 12. Defendant argues that Plaintiff is not entitled to a preliminary injunction because Plaintiff

ORDER – 5

has not established he is likely to succeed on the merits of his claim, or that he is likely to suffer irreparable harm.[4] Dkt. # 13.

In order to obtain preliminary relief, a party "must establish that [it] is likely to succeed on the merits, that [it] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles,* 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008)). "In addition, a 'preliminary injunction is appropriate when a plaintiff demonstrates that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor,' provided the plaintiff also demonstrates that irreparable harm is likely and that the injunction is in the public interest." *Andrews v. Countrywide Bank, NA*, 95 F. Supp. 3d 1298, 1300 (W.D. Wash. 2015) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011)).

Plaintiff's claim to quiet title arises under RCW 7.28.300. This provision allows record owners of real estate to "maintain an action to quiet title against the lien of a mortgage or deed of trust on the real estate where an action to foreclose such mortgage or deed of trust would be barred by the statute of limitations." RCW 7.28.300. The statute of limitations on a deed of trust and a promissory note is six years. RCW 4.16.040(1); *Fujita v. Quality Loan Serv. Corp. of Washington*, No. C16-925-TSZ, 2016 WL 4430464, at *2 (W.D. Wash. Aug. 22, 2016).

<u>1. Acceleration</u>

Ordinarily, a promissory note "which provides for the repayment of a debt by installments creates an individual cause of action for each installment with its own limitations period." *Fujita*, 2016 WL 4430464, at *2. However, if the debt is accelerated

---

[4] Defendant also claims there is no pending foreclosure on Plaintiff's property. Dkt. # 13 at 2.

ORDER – 6

and the entire debt becomes due, the statute of limitations begins to run from the date the amount is due, subject to any tolling. *Id.* at *2.

Plaintiff argues that Defendant accelerated his debt in November 2009 when Defendant sent the Notice. Dkt. # 12 at 6. The Notice stated that Plaintiff must cure the default on or before November 5, 2009, or the debt will automatically be accelerated. Dkt. # 12 at 6. Defendant contends that it did not accelerate Plaintiff's debt in November 2009, "but merely provided notice of an intent to accelerate in the future." Dkt. # 13 at 5.

In order to trigger acceleration, a creditor must clearly indicate, by "some affirmative action," that the option to accelerate has been exercised. *Weinberg v. Naher*, 51 Wash. 591, 594 (1909); *see also Edmundson v. Bank of America*, 194 Wash. App. 920, 930 (2016). Here, Defendant accelerated the debt on November 5, 2009. Defendant was not required to send Plaintiff any additional notification in order to trigger the acceleration because the mandatory language in the Notice was clear: if Plaintiff did not cure his debt by November 5, 2009, then "the mortgage payments **will be accelerated**." Dkt. # 1-2; *see Fujita*, 2016 WL 4430464, at *2 (finding that the Notice of Intent to Accelerate did constitute acceleration, in part, because the Notice spoke in mandatory terms: "If the default is not cured on or before July 16, 2009, the mortgage payments *will be accelerated . . .*"); *4518 S. 256th, LLC v. Karen L. Gibbon, P.S.*, 195 Wash. App. 423, 437 (2016) (stating that acceleration of the debt had not occurred, to some extent because the notice of trustee's sale did not contain any language that acceleration would be automatic); *but see Bank of N.Y. Mellon v. Stafne, No*. C16-77 TSZ, 2016 WL 7118359, at *2 (W.D. Wash. Dec. 7, 2016).

2. Tolling

The statute of limitations is tolled during the pendency of a Notice of Trustee Sale, but it begins to run again if the sale is discontinued. *Fujita*, 2016 WL 4430464, at *2. Here, the entire debt became due on November 5, 2009. Dkt. # 1-2. The Notice of Trustee Sale was issued on July 29, 2010, setting the sale for October 29, 2010 (King

ORDER – 7

County Auditor Instrument # 20100729000513), and the sale was discontinued on September 23, 2011 (King County Auditor Instrument # 20110923000439). However, a trustee may continue the sale, for any cause, for a period not to exceed 120 days. RCW 61.24.040(6). Therefore, the statute of limitations in this case was tolled for 120 days—the cap pursuant to RCW 61.24.040(6).

Additionally, the statute of limitations is tolled during the pendency of a judicial foreclosure as long as the summons is served within 90 days of the filing of the complaint. RCW 4.16.170; *see also Dumarce v. Christensen*, No. CV-05-419-FVS, 2007 WL 2572315, at *2 (E.D. Wash. Sept. 5, 2007). Defendant filed its action for judicial foreclosure on July 3, 2014 in King County. *Bank of America, N.A. v. Umouyo, et al.*, No. 14-2-18637-1; Dkt. # 1-1 at ¶¶ 32, 33. King County Superior Court dismissed the action on July 27, 2016. Dkt. # 1-1 at ¶ 33; Dkt. # 13 at 6. Because the summons was served and the complaint was filed within a 90 day period, the statute of limitations was tolled for from July 3, 2014 to July 27, 2016. *Id.* In total, the statute of limitations was tolled approximately two years and 120 days. Therefore, the statute of limitations has not run.

Plaintiff fails to demonstrate an entitlement to preliminary injunctive relief. Plaintiff must show at least substantial questions going to the merits of his quiet title claim. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. at 20. Because Plaintiff's quiet title claim relies on the premise that the statute of limitations has run on Defendant's ability to foreclose—and because this is not the case—the Court denies Plaintiff's Motion for Preliminary Injunction for failure to show substantial questions going to the merits of his claim. *Id.*; *see also Choi v. Quality Loan Serv. Corp.*, No. C16-1745JLR, 2017 WL 659966, at *2, n.5 (W.D. Wash. Feb. 14, 2017) (finding that, even if the court had subject matter jurisdiction, the Plaintiff failed to demonstrate an entitlement for preliminary injunctive relief in her quiet title action).

ORDER – 8

## IV. CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's Motion to Remand (Dkt. # 10), and the Court **DENIES** Plaintiff's Motion for Preliminary Injunction (Dkt. # 12).

DATED this 28th day of April, 2017.

_Richard A. Jones_
The Honorable Richard A. Jones
United States District Judge

ORDER – 9