HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HENRY A. UMOUYO,

    Plaintiff,

v.

BANK OF AMERICA, N.A.; CARRINGTON MORTGAGE SERVICES, LLC; AND ANY UNKNOWN HEIRS, DEVISEES, GRANTEES, CREDITORS, AND OTHER UNKNOWN PERSONS OR UNKNOWN SPOUSES CLAIMING BY, THROUGH AND UNDER BANK OF AMERICA, N.A.,

    Defendant.

Case No. 2:16-CV-01576-RAJ

ORDER

This matter comes before the Court on Plaintiff's motion for reconsideration. Dkt. # 18. Defendant opposes the motion. Dkt. # 20. For the reasons below, the Court **DENIES** Plaintiff's motion.

Motions for reconsideration are disfavored and will be granted only upon a "showing of manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the court's] attention earlier with reasonable diligence." Local R. W.D. Wash. ("LCR") 7(h)(1).

ORDER – 1

Plaintiff argues that the Court erred in recognizing a tolling of the statute of limitations for the period during which Defendant pursued judicial foreclosure in state court. *See generally* Dkt. # 18. Plaintiff cites case law suggesting that the statute of limitations is not tolled when a case has been dismissed without prejudice under Rule 41. That is, when a case is dismissed either voluntarily by the plaintiff or involuntary for lack of prosecution. *See, e.g.*, *Humphreys v. U.S.*, 272 F.2d 411, 412 (9th Cir. 1959) (finding that "a suit dismissed without prejudice pursuant to Rule 41(a)(2) leaves the situation the same as if the suit had never been brought in the first place . . . ."); *Kirsch v. Cranberry Fin., LLC*, 178 Wash. App. 1031 (2013) ("When a case is dismissed involuntarily without prejudice under CR 41, refiling is permitted so long as the statute of limitations has not expired. The time limit for refiling is computed as if the first case had never been filed and is not tolled by the commencement of the first action.").

Plaintiff avers that because the state court dismissed Defendant's judicial foreclosure action without prejudice, the statute of limitations was not tolled for two years. However, the state court did not dismiss the action pursuant to Rule 41, as did the courts in Plaintiff's cited cases, but rather because of Defendant's failure to conduct a face-to-face meeting with Plaintiff. *See generally* Dkt. # 18-1. Plaintiff does not offer authority suggesting that dismissal on these grounds voids any tolling of the statute of limitations. For these reasons, the Court **DENIES** Plaintiff's motion for reconsideration. Dkt. # 18.

Dated this 18th day of September, 2017.

The Honorable Richard A. Jones
United States District Judge

ORDER – 2