HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HENRY A. UMOUYO,

   Plaintiff,

  v.

BANK OF AMERICA, N.A.;
CARRINGTON MORTGAGE SERVICES,
LLC; AND ANY UNKNOWN HEIRS,
DEVISEES, GRANTEES, CREDITORS,
AND OTHER UNKNOWN PERSONS OR
UNKNOWN SPOUSES CLAIMING BY,
THROUGH AND UNDER BANK OF
AMERICA, N.A.,

   Defendants.

Case No. 2:16-CV-01576-RAJ

ORDER

  This matter comes before the Court on Plaintiff's motion for summary judgment. Dkt. # 22. Defendant Carrington Mortgage LLC ("Carrington") opposes the motion. Dkt. # 25. For the reasons below, the Court **TERMINATES** Plaintiff's motion and allows him to refile after he properly serves Bank of America, N.A. ("BANA").

  Before the Court can rule on the merits of Plaintiff's motion for summary judgment, it must address the issue of service. Carrington has maintained throughout the litigation that Plaintiff never properly served BANA. BANA has not appeared in this matter.

  The issue of service arose in Carrington's opposition to Plaintiff's motion to remand. Dkt. ## 10, 11. In its response, Carrington argued that it did not need BANA's

ORDER – 1

consent to remove the matter because BANA was never properly served with the summons and complaint. Dkt. # 11 at 1. But even if service was proper, Carrington argued that BANA, "who is also represented by the below-signed counsel for Carrington, properly consented to removal." *Id.* at 2. The Court relied on this assertion when it denied Plaintiff's motion to remand. Dkt. # 17 at 5.

On May 2, 2017, the Court ordered Plaintiff to show cause why BANA should not be dismissed due to improper service. Plaintiff maintained that he properly served BANA. Plaintiff attached documents showing that he served BANA and Carrington the same way—through priority mail. Dkt. ## 21-1, 21-2, 21-3. Plaintiff stated that he also instructed Carrington to deliver the summons and complaint to BANA. Dkt. # 21 at 3. Plaintiff argued that Carrington is BANA's agent, and therefore service was proper under Federal Rule 4(h)(1)(B). *Id.* at 3.

Under the Federal Rules, Plaintiff has not properly served BANA. Plaintiff conflated Carrington's position as a loan servicer with BANA's registered agent for service of process. These entities are not the same, and Plaintiff cannot show that Carrington has been authorized to accept service of behalf of BANA.

Carrington's counsel represented that it also represents BANA. However, "[f]or an attorney to be considered an agent for process, he or she must have been appointed for that precise task." *Ellis v. Johnston*, No. CV07-508-PHX-MHM, 2008 WL 508642, at *1 (D. Ariz. Feb. 21, 2008). Plaintiff has not shown that Carrington's counsel has been authorized to accept service on behalf of BANA.

Therefore, to preserve the record, the Court ORDERS Plaintiff to properly serve BANA within thirty (30) days from the date of this Order.[1] If Plaintiff chooses to serve BANA pursuant to Federal Rule 4(h)(1)(B), he is reminded that priority mail is not

---

[1] The Court encourages Plaintiff to review Federal Rule 4 as well as this district's pro se manual, which can be found at:
http://www.wawd.uscourts.gov/sites/wawd/files/ProSeGuidetoFilingYourLawsuitinFederalCourt.pdf.

ORDER – 2

sufficient.[2]

The Court is weary of counsel for Carrington's representations to the Court and to Plaintiff. It is not hard to understand how these representations led pro se Plaintiff astray, and how these representations have potentially derailed litigation and wasted judicial resources. Carrington's counsel has admitted that it also represents BANA. In light of this representation—and considering the eventuality of service in this matter—the parties may contemplate agreeing to service and filing a stipulation with the Court.

For the foregoing reasons, the Court **TERMINATES** the pending motion for summary judgment, which Plaintiff may refile after he properly serves BANA. Dkt. # 22. The Court **ORDERS** Plaintiff to serve BANA within thirty (30) days from the date of this order pursuant to Federal Rule 4(h). Alternatively, the parties may stipulate to service and file such a stipulation with the Court.

Dated this 25th day of January, 2018.

The Honorable Richard A. Jones
United States District Judge

---

[2] Plaintiff cites *Jones v. Stebbins*, 122 Wash. 2d 471 (1993), for the proposition that "service by mail has the same effect as service by publication." *See* Dkt. # 28 at 4. However, Plaintiff misses a key portion of *Jones* in which the court explained that service by mail is only appropriate by court order. *See Jones*, 122 Wash. 2d at 475 (A court will issue an order allowing service by mail when there are 'circumstances justifying service by publication' and if the serving party demonstrates, by affidavit, facts which show that service by mail is just as likely to give actual notice as service by publication.") (citing Wash. Super. Ct. Civ. R. 4).

ORDER – 3