HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HENRY A. UMOUYO,

    Plaintiff,

v.

BANK OF AMERICA, NA, et al.,

    Defendants.

CASE NO. C16-1576 RAJ

ORDER

This matter comes before the Court on Plaintiff's motion to compel. Dkt. # 42. Defendant Bank of America, N.A. ("BANA") opposes the motion. Dkt. # 45.

Plaintiff is confused about this Court's strict requirement to meet and confer with his opponents before filing a motion to compel. Plaintiff appears to believe that because BANA did not produce documents related to the subpoena, then it was futile for him to meet and confer prior to filing this motion. However, the motion to compel is Plaintiff's tool to attempt to force production of discovery materials. A motion to compel is procedurally distinct from a subpoena. Plaintiff was required under the Standing Order, Dkt. # 7 at 3, and Local Rule 37(a)(1) to meet and confer with BANA before filing this motion. Plaintiff concedes he failed to meet this requirement. This failure is fatal and the

ORDER- 1

Court has discretion to deny his motion on this ground alone. However, the motion also fails on the merits.

Plaintiff cites both Rule 45(d)(2)(B)(i) and Rule 37(a) as bases for relief. Dkt. ## 42, 46. Under either Rule, the Court maintains broad discretion to control discovery. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011), *In re Sealed Case*, 856 F.2d 268, 271 (D.C. Cir. 1988), *Daimler Truck N. Am. LLC v. Younessi*, No. 08-MC-5011RBL, 2008 WL 2519845, at *2 (W.D. Wash. June 20, 2008). That discretion is guided by several principles. Most importantly, the scope of discovery is broad. A party must respond to any discovery request that is not privileged and that is "relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Neither of Plaintiff's production requests are related to the statute of limitations issue that is the basis of his suit. Plaintiff has not raised allegations that question BANA's good faith or fair dealings. Accordingly, the Court finds that the discovery requests are not relevant, even under the most deferential standards. The Court therefore DENIES Plaintiff's motion.

Dated this 26th day of June, 2018.

The Honorable Richard A. Jones
United States District Judge