| | |
|---|---|
| | HONORABLE RICHARD A. JONES |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HENRY A. UMOUYO, <br><br> Plaintiff, <br><br> v. <br><br> BANK OF AMERICA, N.A.; CARRINGTON MORTGAGE SERVICES, LLC; AND ANY UNKNOWN HEIRS, DEVISEES, GRANTEES, CREDITORS, AND OTHER UNKNOWN PERSONS OR UNKNOWN SPOUSES CLAIMING BY, THROUGH AND UNDER BANK OF AMERICA, N.A., <br><br> Defendant. | Case No. 2:16-CV-01576-RAJ <br><br> ORDER |

This matter comes before the Court on Plaintiff's Motion to Amend the Original Complaint. Dkt. # 53. Defendant Bank of America does not oppose Plaintiff's Motion to Amend, but Defendant Carrington Mortgage Services LLC ("Carrington") has filed a Response, and Plaintiff filed a Reply. Dkt. ## 54, 55.

Amendment to pleadings is governed by Federal Rule of Civil Procedure 15(a). Rule 15(a) "provides that a party's right to amend as a matter of course terminates 21

ORDER – 1

days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." *Montz v. Pilgrim Films & Television, Inc.,* 606 F.3d 1154, 1159 n. 1 (9th Cir. 2010); Fed. R. Civ. P. 15(a)(1)(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate a decision on the merits, rather than on the pleadings or technicalities." *Roth v. Garcia Marquez,* 942 F.2d 617, 628 (9th Cir. 1991); *United States v. Webb,* 655 F.2d 977, 979 (9th Cir. 1981). Further, the policy of favoring amendments to pleadings should be applied with "extreme liberality." *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 186 (9th Cir. 1987).

Here, Plaintiff moves for leave to amend its Complaint to, among other changes, remove Carrington as a Defendant, and add Aniedi Umouyo as a Plaintiff. Dkt. # 53-1. Bank of America does not oppose. *See* Local Civ. R. 7(b)(2) ("[I]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit."). Carrington filed a Response, indicating that it does not oppose being removed as a Defendant, but opposes being named in a request for declaratory relief barring Carrington from "initiating foreclosure actions or foreclosing on this property by the 6 years status of limitation." Dkt. ## 53-1, Dkt. # 54. The Court agrees with Carrington in that if it is removed as a Defendant, it should not be subject to a claim for declaratory relief in Plaintiff's Amended Complaint. Plaintiff's suggested solution to remove explicit reference to Carrington (Dkt. # 55 at 1) fails to address this concern, as Carrington, as Bank of America's "servicer," would still be subject to declaratory relief without being properly named as a Defendant.

Accordingly, the Court **GRANTS IN PART** Plaintiff's Motion to Amend. Plaintiff may file the Amended Complaint proposed at Dkt. # 53-1, with the exception that it must remove reference to "or it's [sic] servicer (Carrington Mortgage Services

ORDER – 2

LLC)" at ¶ 42.a, "and its servicer (Carrington Mortgage Services LLC)" at ¶ 42.b, and any other reference to Carrington or Bank of America's "servicer." Dkt. # 53-1 at 10. Plaintiff shall file the Amended Complaint no later than fourteen (14) days from the entry of this Order. Defendant Bank of America shall file its Amended Answer, and any counterclaims, no later than 21 days after filing and service of the Amended Complaint.

Dated this 29th day of August, 2018.

The Honorable Richard A. Jones
United States District Judge

ORDER – 3