UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HENRY A. UMOUYO and ANIEDI H. UMOUYO,

        Plaintiffs,

v.

BANK OF AMERICA, N.A. *et al.*,

        Defendants.

Case No. 2:16-CV-01576-RAJ

ORDER

## I. INTRODUCTION

This matter comes before the Court on Plaintiff Henry A. Umouyo's ("Plaintiff") Motion to Dismiss. Dkt. # 47.[1] Defendant Bank of America, N.A. ("BANA") has opposed, and Plaintiff has filed a Reply. Dkt. ## 49, 51. For the reasons stated below, the Court **DENIES** Plaintiff's Motion.

## II. BACKGROUND

The following facts are taken from either Defendant BANA's cross-claim, which are assumed as true for the purposes of this motion, or from other sources already

---

[1] When this Motion was filed, Plaintiff Henry Umouyo was the only named Plaintiff. Dkt. # 47. While this Motion was pending, Plaintiff Henry Umouyo moved to amend his Complaint to add another Plaintiff, Aniedi H. Umouyo, which BANA did not oppose. Dkt. # 53. The Court granted Plaintiff leave to amend. Dkt. # 56. Plaintiff Henry Umouyo did not seek to integrate this change into his pending Motion to Dismiss. Accordingly, for ease of reference, "Plaintiff" in this Order shall be used to refer only to Plaintiff Henry A. Umouyo.

ORDER – 1

properly before the Court, such as documents previously subject to judicial notice. On January 10, 2008, Plaintiff took out a mortgage loan for $329,824.00 from CTX Mortgage Company, LLC. Dkt. # 44 (Cross-claim) at ¶ 3, Ex. A. Plaintiff's loan is secured by a Deed of Trust ("DOT") on real property, located at 11708 SE 238th Street, Unit 12, Kent, Washington ("Property"). *Id.* at ¶¶ 4-5, Exs. B, C. The DOT was recorded on January 29, 2008, and subsequently assigned to BAC Home Loans, Servicing LP, fka Countrywide Home Loans Servicing, LP ("BAC"). *Id.* Then, on October 24, 2011, the DOT was assigned to Bank of America, N.A. ("BANA"). *Id.*, Ex. D.

In August 2009, Plaintiff stopped paying his mortgage loan. *Id.* at ¶ 6. In July 2010, a Notice of Trustee's Sale was recorded in King County, which set a trustee's sale of the Property for October 29, 2010. Dkt. # 44 at ¶ 23. However, on September 23, 2011, the sale was discontinued. *Id.* at 29.

On July 3, 2014, Defendant BANA filed its action for judicial foreclosure in King County Superior Court. *Bank of America, N.A. v. Umouyo, et al.*, No. 14-2-18637-1; Dkt. # 44 at ¶¶ 32, 33. After a bench trial, King County Superior Court denied BANA's request for foreclosure and monetary relief "without prejudice" because it determined that BANA had not submitted evidence that the face-to-face meeting requirement of 24 C.F.R. § 203.604 had been met, and denied BANA's motion to reopen the case to allow it to submit this evidence. Dkt. # 44 at ¶ 33.[2]

On September 9, 2016, Plaintiff filed this action in King County Superior Court, seeking to quiet title to the Property. Dkt. # 1-1. Defendants timely removed the action. Dkt. # 1. On April 16, 2018, BANA filed its Answer and Cross-Complaint, which contained a cross-claim for judicial foreclosure of the Property. Dkt. # 44 at 10.

---

[2] This order has been reproduced in this case multiple times, was incorporated by reference in BANA's Answer, and is attached as Exhibit 1 to Plaintiff's Motion to Dismiss. Dkt. # 47-1 at 2.

ORDER – 2

## III. DISCUSSION

### A. Judicial Notice

As a preliminary matter, the Court notes that buried within his Motion, Plaintiff makes a number of requests that this Court take judicial notice of certain documents from the King County Superior Court matter and applicable federal regulations. Dkt. # 47 at 13, 17-18.

Under Rule 201, a court may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Certain public records qualify under the second category, including the "records and reports of administrative bodies." *United States v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003) (quoting *Interstate Nat. Gas Co. v. S. Cal. Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1953)).

Rule 201 requires a party requesting judicial notice to supply the Court with the necessary information to take such judicial notice. Fed. R. Evid. 201(c)(2). However, the only documents Plaintiff provides the Court with as exhibits are (1) the July 27th, 2016 order from the King County Superior Court dismissing BANA's relief "without prejudice" in *Bank of America, N.A. v. Umouyo, et al.*, No. 14-2-18637-1; (2) the DOT; (3) the Notice of Trustee's Sale of June 17, 2010; (4) the Notice of Discontinuance of Trustee's Sale; (5) Mortgagee Letter 2016-03, dated February 5, 2016, setting forth regulations from the U.S. Department of Housing and Urban Development ("HUD"); and (6) the Note evidencing the mortgage loan for $329,824.00. Dkt. # 47 at 17.

The contents of these documents are not subject to reasonable dispute, as for the most part they were either already subject to judicial notice in prior orders (*see, e.g.,* Dkt. # 17) or they "are authentic documents recorded with a governmental agency." *Gelinas v. U.S. Bank, NA*, No. 16-1468-JLR, 2017 WL 553277, at *3 (W.D. Wash. Feb. 10, 2017); *see also Labrador v. Seattle Mortg. Co.*, 681 F.Supp.2d 1106, 1116 (N.D. Cal.

ORDER – 3

2010) (taking judicial notice of material on the HUD website). Moreover, BANA does not challenge their authenticity. Therefore, the Court takes judicial notice of the foregoing publicly recorded King County documents and the HUD Mortgagee Letter. At this time, the Court will not, and need not, take judicial notice of the other documents requested in Plaintiff's Motion, as Plaintiff did not submit the necessary information to take such judicial notice.

### B. Plaintiff's Motion to Dismiss

Fed. R. Civ. P. 12(b)(6) permits a court to dismiss a complaint for failure to state a claim. The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). A court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief. *Id*. at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The court typically cannot consider evidence beyond the four corners of the complaint, although it may rely on a document to which the complaint refers if the document is central to the party's claims and its authenticity is not in question. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). The court may also consider evidence subject to judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

#### i. Res Judicata

Plaintiff primarily contends that Defendant's cross-claim for judicial foreclosure is barred by the doctrine of res judicata. Dkt. # 47 at 2-12. Plaintiff argues that because the King County Superior Court dismissed BANA's judicial foreclosure action, that order

ORDER – 4

operates as a final judgment on the merits and bars BANA's cross-claim for judicial foreclosure. *Id.*

Since federal jurisdiction in this case is based upon diversity of citizenship, this Court must apply the substantive law of Washington, the forum state, which includes the law of res judicata. *Jacobs v. CBS Broadcasting, Inc.*, 291 F.3d 1173, 1177 (9th Cir. 2002). "The doctrine of res judicata rests upon the ground that a matter which has been litigated, or in which there has been an opportunity to litigate, in a former action in a court of competent jurisdiction, should not be permitted to be litigated again." *Ensley v. Pitcher*, 152 Wash. App. 891, 899, 222 P.3d 99 (2009). Res judicata requires "identity between a prior judgment and a subsequent action as to (1) persons and parties, (2) causes of action, (3) subject matter, and (4) the quality of persons for or against whom the claim is made ." *Karlberg v. Otten*, 167 Wash. App. 522, 536, 280 P.3d 1123 (2012). Res judicata requires a final judgment on the merits. *Id.*

Under Washington law, a dismissal without prejudice is not a final judgment on the merits for the purposes of res judicata. *Wilson v. Bank of Am., N.A.*, No. C13-1567RSL, 2014 WL 841527, at *2 (W.D. Wash. Mar. 4, 2014) (citing *Rose ex rel. Estate of Rose v. Fritz*, 104 Wash. App. 116, 121, 15 P.3d 1062 (2001)) *see also Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990) ("[D]ismissal ... without prejudice is a dismissal that does not operat[e] as an adjudication upon the merits ... and thus does not have a res judicata effect.") (internal quotations omitted).

Accordingly, because BANA's prior judicial foreclosure complaint was dismissed without prejudice and there have been no final decisions on the merits, BANA's cross-claim in this lawsuit is not barred by res judicata.[3] Asking this Court to dismiss BANA's

---

[3] Plaintiff also makes passing mention of the related doctrine of collateral estoppel, but fails to apply that doctrine to the relevant facts if this case, and fails to request that this Court apply that doctrine to bar any particular issue from the previous case from consideration in this matter. Dkt. # 47 at 10-12. Accordingly, the Court will not consider the application of collateral estoppel in this Order.

ORDER – 5

judicial foreclosure claim "with prejudice" would essentially rewrite the order from King County Superior Court to remove the "without prejudice" limitation. On this ground, Plaintiff's Motion is **DENIED**.

### ii. Violations of HUD Regulations

Plaintiff's remaining arguments all center around alleged violations of various regulations promulgated by the Secretary for Housing and Urban Development ("HUD"). Dkt. # 47 at 12-13. Plaintiff argues that under 24 CFR § 203.355(c), BANA is prohibited from recommencing foreclosure proceedings because it did not do so within 90 days of the trustee's sale being discontinued on September 23, 2011. *Id*. Plaintiff also argues that BANA did not act with "reasonable diligence" in prosecuting foreclosure proceedings, a requirement under 24 CFR § 203.356(b). Dkt. # 47 at 13-14.

BANA's Response argues that Washington's Deed of Trust Act governs judicial foreclosures in Washington, and therefore "any alleged violation of the C.F.R. does not bar BANA from pursuing its right to bring a judicial foreclosure of the Property against Plaintiff." Dkt. # 49 at 7. The Court does not necessarily agree with BANA on this point, for which BANA did not submit any legal authority, and it is not supported by evidence properly before the Court. For instance, Paragraph 9(d) of the Deed of Trust[4] requires the Lender to comply with the HUD Secretary's regulations before any foreclosure can occur. Dkt. # 44-1 at 9 ("This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary."). On the face of the Deed of Trust, therefore, noncompliance with the HUD regulations, as set forth in the C.F.R., may bar judicial foreclosure proceedings. Indeed, it was for noncompliance with 24 C.F.R. § 203.606(c), one such HUD regulation, that the King County Superior Court denied BANA's first judicial foreclosure action, albeit without prejudice. Dkt. # 47-1 at 6.

---

[4] In addition to being subject to judicial notice, the Deed of Trust is also attached as Exhibit B to BANA's cross-complaint.

ORDER – 6

Determining BANA's noncompliance with the HUD regulations, however, requires factual findings that are inappropriate on a motion to dismiss under Rule 12(b)(6). For instance, the "fact" that the sale of the Property was discounted and did not recommence within 90 days is not one that is contained in BANA's cross-complaint, or was otherwise set forth in documents proper for the Court to consider when Plaintiff's Motion was filed. The Court cannot make such a finding by its own accord on a Rule 12(b)(6) Motion. Moreover, the question of whether BANA acted with "reasonable diligence" under 24 CFR § 203.356(b) could turn on whether BANA was entitled to an extension of the statutory "reasonable diligence" timeframe, which could come by operation of BANA's efforts in "[a]cquiring [p]ossession" or "[d]elay due to legal action for acquiring possession." Dkt. # 47-1 at 27-28. The Court cannot rule, based on the current record, that BANA was not entitled to such an extension, because such a ruling requires factual findings of BANA's actions, evidence of which is not properly before the Court. Likewise, Plaintiff's contention that compliance with certain regulations are "material" solely within the context of the mortgage contract is one that may necessitate a fact-specific analysis into the relative importance of the contract's terms, and whether this requirement was waived, which neither party has provided. Dkt. # 47 at 14-15.

Based on the record before it consisting of BANA's cross-complaint, the exhibits attached thereto, and the documents properly subject to judicial notice, the Court cannot determine at this point whether BANA failed to comply with the HUD regulations, and even if it did not, whether those regulations were material or BANA's compliance was waived. The resolution of these sort of factually intensive inquiries is inappropriate on a motion to dismiss for failure to state a claim where facts necessary to their resolution are not properly before the Court. These arguments are more properly addressed at the summary judgment stage.

Accordingly, the Court **DENIES** Plaintiff's Motion on these bases.

ORDER – 7

## IV. CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's Motion to Dismiss. Dkt. # 47.

DATED this 23rd day of January, 2019.

_Richard A. Jones_
The Honorable Richard A. Jones
United States District Judge

ORDER – 8