UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HENRY A. UMOUYO and ANIEDI H. UMOUYO,

   Plaintiffs,

 v.

BANK OF AMERICA, N.A. *et al*.,

   Defendants.

Case No. 2:16-CV-01576-RAJ

ORDER

This matter comes before the Court on Plaintiff Henry Umouyo's and Aniedi Umouyo's ("Plaintiffs") Motion for Summary Judgment (Dkt. # 59), and Defendant Bank of America, N.A.'s ("BANA") Motion to Continue Hearing on Motion for Summary Judgment. Dkt. # 60. BANA opposes Plaintiffs' Motion for Summary Judgment, and Plaintiffs have filed a Reply. Dkt. ## 62, 64. Plaintiffs have opposed BANA's Motion to Continue, and BANA has not filed a Reply. Dkt. # 65. For the reasons below, the Court **DENIES** both Motions.

## I. BACKGROUND

As BANA notes, Plaintiffs did not include a statement of facts with their Motion for Summary Judgment, and instead scattered factual allegations throughout their Motion that include citations to unauthenticated documents. Accordingly, the Court derives the following facts from uncontested evidence put forth by BANA, documents already

ORDER – 1

subject to judicial notice, and other documents already properly before the Court.

On January 10, 2008, Plaintiff took out a mortgage loan for $329,824.00 from CTX Mortgage Company, LLC. Dkt. # 60, Ex. A. Plaintiff's loan is secured by a Deed of Trust ("DOT") on real property, located at 11708 SE 238th Street, Unit 12, Kent, Washington ("Property"). Dkt. # 47, Ex. 2. The DOT was recorded on January 29, 2008, and subsequently assigned to BAC Home Loans, Servicing LP, fka Countrywide Home Loans Servicing, LP ("BAC"). Dkt. # 50, Ex. B. Then, on October 24, 2011, the DOT was assigned to Bank of America, N.A. ("BANA"). *Id.*, Ex. C.

In August 2009, Plaintiff stopped paying his mortgage loan. Dkt. # 1-1 at ¶ 36. In July 2010, a Notice of Trustee's Sale was recorded in King County, which set a trustee's sale of the Property for October 29, 2010. Dkt. # 47, Ex. 3. However, on September 23, 2011, the sale was discontinued. *Id.*, Ex. 4.

On July 3, 2014, Defendant BANA filed its action for judicial foreclosure in King County Superior Court. *Bank of America, N.A. v. Umouyo, et al.*, No. 14-2-18637-1. Dkt. # 27, Ex. F. After a bench trial, King County Superior Court denied BANA's request for foreclosure and monetary relief "without prejudice" because it determined that BANA had not submitted evidence that the face-to-face meeting requirement of 24 C.F.R. § 203.604 had been met and denied BANA's motion to reopen the case to allow it to submit this evidence. Dkt. # 47, Ex. 1.

On September 9, 2016, Plaintiff filed this action in King County Superior Court, seeking to quiet title to the Property. Dkt. # 1-1. Defendants timely removed the action. Dkt. # 1. On April 16, 2018, BANA filed its Answer and Cross-Complaint, which contained a cross-claim for judicial foreclosure of the Property. Dkt. # 44 at 10. Plaintiff Henry Umouyo moved to dismiss BANA's Cross-Complaint on res judicata grounds and for noncompliance with various federal HUD regulations. Dkt. # 49. While this Motion to Dismiss was pending, Plaintiff Henry Umouyo moved for and was granted leave to file an amended complaint adding Aniedi Umouyo as a Plaintiff, which was filed on

ORDER – 2

September 7, 2018.  Dkt. ## 53, 56, 57.  On September 28, 2018, BANA filed its Answer to Plaintiffs' Amended Complaint.  Dkt. # 58.  On January 23, 2019, this Court denied Plaintiff Henry Umouyo's Motion to Dismiss.  Dkt. # 66.

## II.   DISCUSSION

### A.    Motion for Summary Judgment

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party.  *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986).  On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the non-moving party's case.  *Celotex Corp.*, 477 U.S. at 325.  If the moving party meets the initial burden, the opposing party must set forth specific facts showing that there is a genuine issue of fact for trial in order to defeat the motion.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  The court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor.  *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150-51 (2000).  Credibility determinations and the weighing of the evidence are jury functions, not those of a judge.  *Anderson*, 477 U.S. at 255.

However, the court need not, and will not, "scour the record in search of a genuine issue of triable fact."  *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996); *see also, White v. McDonnel-Douglas Corp.*, 904 F.2d 456, 458 (8th Cir. 1990) (the court need not "speculate on which portion of the record the nonmoving party relies, nor is it obliged to wade through and search the entire record for some specific facts that might support the

ORDER – 3

nonmoving party's claim").  The opposing party must present significant and probative evidence to support its claim or defense.  *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991).  Uncorroborated allegations and "self-serving testimony" will not create a genuine issue of material fact.  *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002); *T.W. Elec. Serv. V. Pac Elec. Contractors Ass'n*, 809 F. 2d 626, 630 (9th Cir. 1987).

Here, Plaintiffs move for summary judgment on three main grounds: (1) BANA's judicial foreclosure claim was waived because it was not reasserted in BANA's Answer to Plaintiffs' First Amended Complaint; (2) BANA's judicial foreclosure claim is barred by res judicata; and (3) BANA's judicial foreclosure claim is time-barred.  Dkt. # 59 at 3-24.  Plaintiffs argue that dismissing BANA's claim on these bases mandates that the Court grant summary judgment for the entire case in Plaintiffs' favor.  *Id*. at 24-25.  For the reasons stated below, the Court denies Plaintiffs' Motion.

### i.  Compulsory Counterclaims

Plaintiff's first argument contends that BANA waived its right to its judicial foreclosure claim, brought as a "cross-claim" in its Answer to Plaintiff Henry Umouyo's original Complaint, because it did not explicitly reassert it in its Answer to the Amended Complaint.  Dkt. # 59 at 3-7.  Plaintiffs essentially argue that by failing to reassert its judicial foreclosure claim (which Plaintiffs contend is a counterclaim) in its Answer to Plaintiffs' Amended Complaint, BANA waived its right to bring this claim under Federal Rule of Civil Procedure 13(a).  *Id*.

The Court finds Plaintiffs' argument unconvincing.  First, to the extent that BANA asserts a cross-claim against other Defendants, Plaintiff has failed to show how the rules governing compulsory **counterclaims** would act to bar BANA's **cross-claims** under either federal or Washington law.  *See* Fed. R. Civ. P. 13(a); *see also* 14 Wash. Prac., Civil Procedure § 12:9 (3d ed.) ("There is no such thing as a 'compulsory' cross claim.").  Second, whether the Court construes BANA's judicial foreclosure claim as a

ORDER – 4

counterclaim or cross-claim, under either theory the Court would have have grave reservations about holding that BANA's failure to explicitly reassert this claim in a subsequent pleading constitutes waiver. Although Plaintiffs cite several authorities explaining the basic principles and operations of compulsory counterclaims, they do not cite any authority in support of their theory that failure to reassert counterclaims when responding to an amended complaint results in waiver or abandonment of the counterclaims. Dkt. # 47 at 4-7. Other courts that have examined this issue have found that "failing to assert counterclaims in an answer to an amended complaint after they had already been asserted in response to an earlier complaint does not necessarily constitute abandonment of the counterclaims." *See, e.g., AnTerra Grp. Inc. v. KiVAR Chem. Techs.*, No. SACV1300734JVSANX, 2014 WL 12589631, at *3 (C.D. Cal. May 23, 2014) (citing cases). This Court, like others, is particularly persuaded by the reasoning from the Western District of Pennsylvania in *Dunkin' Donuts, Inc. v. Romanias,* No. Civ.A. 00–1886, 2002 WL 32955492, at *1–2 (W.D.Pa. May 29, 2002), which held that "[Rule 13], which governs counterclaims, requires only that a counterclaim be set forth in a pleading—it does not mandate that it be contained in an answer. Further, an answer responds to allegations in a complaint, a counterclaim is something independent. Revisions to a complaint do not require revisions to a counterclaim." *Id.*

BANA included its judicial foreclosure claim in full in its original Answer. Dkt. # 44 at 10. Despite its "failure" to include the cross-claim again in its Answer to Plaintiffs' Amended Complaint, BANA has given no indication it plans to withdraw or abandon its judicial foreclosure claim. Although it did not reproduce it verbatim, BANA explicitly referenced its previous cross-claim in its Answer to Plaintiffs' Amended Complaint and opposed a Motion to Dismiss this claim. Dkt. # 10 at ¶ 10. This suffices, in this situation, to maintain BANA's claim. The Court finds that BANA has not failed to prosecute its cross-claim or otherwise waived its right to pursue it by operation of Rule 13.

ORDER – 5

Accordingly, the Court **DENIES** Plaintiff's Motion for Summary Judgment on this point.

### ii. Res Judicata

Plaintiffs' second argument on summary judgment, concerning the res judicata effect of the decision by the King County Superior Court on BANA's prior judicial foreclosure claim, is essentially identical to the one set forth in its Motion to Dismiss. Dkt. ## 47, 59. Plaintiffs argue that because the King County Superior Court dismissed BANA's prior foreclosure action after a trial and judgment on the merits, BANA is barred from asserting a judicial foreclosure claim in this lawsuit. Dkt. # 59 at 7-13.

This Court denied Plaintiff's Motion to Dismiss on this point because the King County Superior Court Order in question, which dismissed BANA's judicial foreclosure claim, was done so "without prejudice." Dkt. # 66. Plaintiffs' argument in its Motion for Summary Judgment is nearly identical to the one the Court already rejected, and Plaintiffs offer little justification to depart from this reasoning.[1] Dkt. # 66. In Washington, dismissals without prejudice, like the one at issue here from the King County Superior Court, are not final judgment on the merits for the purposes of res judicata. *Wilson v. Bank of Am., N.A.*, No. C13-1567RSL, 2014 WL 841527, at *2 (W.D. Wash. Mar. 4, 2014) (citing *Rose ex rel. Estate of Rose v. Fritz*, 104 Wash. App. 116, 121, 15 P.3d 1062 (2001)) *see also Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990) ("[D]ismissal ... without prejudice is a dismissal that does not operat[e] as an adjudication upon the merits ... and thus does not have a res judicata effect.") (internal quotations omitted). None of the authorities Plaintiffs cite in this Motion or the Motion to Dismiss hold contrary to the general rule in Washington that an order entered without

---

[1] As was the case in the Motion to Dismiss, Plaintiffs make mention of the related doctrine of collateral estoppel, but they conflate the analysis of this doctrine with res judicata. Dkt. # 59 at 8-9. Plaintiffs fail to make an argument that issue preclusion, rather than claim preclusion, should operate to bar relitigation of any particular *issue* in this case (such as whether BANA attempted a face-to-face meeting with Plaintiffs before foreclosing), as opposed to the *claim* of judicial foreclosure.

prejudice will not support a res judicata defense. *Young v. Key Pharmaceuticals, Inc.*, 112 Wash.2d 216, 223, 770 P.2d 182 (1989).

Accordingly, for the same reasons the Court denied Plaintiff's Motion to Dismiss on res judicata grounds, the Court **DENIES** Plaintiffs' Motion for Summary Judgment on this point.

### iii.     Statute of Limitations

Plaintiffs' third argument on summary judgment contends that BANA's judicial foreclosure claim is time-barred because (1) the debt was accelerated in 2009; and (2) the six-year statute of limitations was not tolled and had run by the time BANA filed its judicial foreclosure claim in this lawsuit. Dkt. # 59 at 13-22. Plaintiff's claim to quiet title arises under RCW 7.28.300. This provision allows record owners of real estate to "maintain an action to quiet title against the lien of a mortgage or deed of trust on the real estate where an action to foreclose such mortgage or deed of trust would be barred by the statute of limitations." RCW 7.28.300. The statute of limitations on a deed of trust and a promissory note is six years. RCW 4.16.040(1); *Fujita v. Quality Loan Serv. Corp. of Washington*, No. C16-925-TSZ, 2016 WL 4430464, at *2 (W.D. Wash. Aug. 22, 2016). Ordinarily, a promissory note "which provides for the repayment of a debt by installments creates an individual cause of action for each installment with its own limitations period." *Fujita*, 2016 WL 4430464, at *2. However, if the debt is accelerated and the entire debt becomes due, the statute of limitations begins to run from the date the amount is due, subject to any tolling. *Id*. at *2.

Plaintiffs submit as an Exhibit a letter titled "Notice of Intent to Accelerate" ("Notice") purportedly from BANA dated October 6, 2009. *Id*., Ex. 2. Plaintiffs argue that BANA accelerated the debt in November 2009 when it sent the Notice. Dkt. # 59 at 14-16. BANA disputes the authenticity of this document because it is not accompanied by a declaration or affidavit from Plaintiffs attesting to its authenticity. Dkt. # 62 at 5-6. On this technical point, BANA is correct. A declarant must lay a proper foundation for

ORDER – 7

evidence considered on summary judgment. *Bias v. Moynihan*, 508 F.3d 1212, 1224 (9th Cir. 2007). For documentary evidence submitted on summary judgment, however, "a proper foundation need not be established through personal knowledge but can rest on any manner permitted by Federal Rule of Evidence 901(b) or 902." *Secs. & Exch. Comm'n v. Phan*, 500 F.3d 895, 913 (9th Cir.2007) (quoting *Orr v. Bk. of Am., NT & SA*, 285 F.3d 764, 774 (9th Cir. 2002)). Put differently, "[t]he documents must be authenticated and attached to a declaration wherein the declarant is the 'person through whom the exhibits could be admitted into evidence.'" *Bias*, 508 F.3d at 1224 (quoting *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1551 (9th Cir. 1990)). At this point, by failing to submit such a declaration attesting to the authenticity of this document, Plaintiff has failed to authenticate it, and this document is thus not yet admissible at the summary judgment stage.[2]

However, BANA contends that even if this Notice is considered, it did not operate to accelerate the Loan in November 2009. Dkt. # 62 at 6-7. The Court agrees. The Notice states that Plaintiff must cure the default on or before November 5, 2009, or the debt will automatically be accelerated. Dkt. # 59, Ex. 2. In order to trigger acceleration, a creditor must clearly indicate, by "some affirmative action," that the option to accelerate has been exercised. *Weinberg v. Naher*, 51 Wash. 591, 594 (1909); *see also Edmundson v. Bank of America*, 194 Wash. App. 920, 930 (2016). The language in the Notice, which stated that if Plaintiffs did not cure the debt by November 5, 2009, then "the mortgage payments will be accelerated," is nearly identical to the language in a notice of intent to accelerate recently considered by the Washington Court of Appeals in

---

[2] Even though some of the documents attached as Exhibits to Plaintiffs' Motion were cited by this Court at the preliminary injunction stage (Dkt. # 17), this does not mean they are properly brought before the Court at the summary judgment stage, where the rules regarding what evidence the Court may consider are more stringent. In general, findings made by the Court at the preliminary injunction stage are not necessarily binding on the Court on summary judgment. *See Horphag Research Ltd. v. Garcia*, 475 F.3d 1029, 1035 (9th Cir. 2007).

ORDER – 8

*Merceri v. Bank of New York Mellon*, 4 Wash. App. 2d 755, 760-61 (2018), *review denied sub nom. Merceri v. Bank of New York Mellon*, 192 Wash. 2d 1008, 430 P.3d 244 (2018). In *Merceri*, the court found that despite this seemingly mandatory language in the notice, the loan was not ultimately automatically accelerated because the bank did not thereafter take an "affirmative action in a clear an unequivocal manner indicating that the payments on the loan had been accelerated," such as declaring the entire debt due or refusing to accept installment payments. *Merceri*, 4. Wash. App. 2d at 761-62.

Under *Merceri*, BANA's Notice, by itself, did not accelerate the debt. In their Motion for Summary Judgment, Plaintiffs fail to identify what other "affirmative action" BANA engaged in, aside from sending the Notice, that would operate to accelerate the debt. Dkt. # 59 at 15-16. Instead, for the first time in their Reply, Plaintiffs contend that BANA initiating foreclosure in July 2010 qualifies as an "affirmative action" that operated to accelerate the note. Dkt. # 64 at 8. Because this argument is raised only on reply, it is considered waived for purposes of this motion. *Zango, Inc. v. Kaspersky Lab, Inc.*, 568 F.3d 1169, 1177 n. 8 (9th Cir. 2009) ("[A]rguments not raised by a party in an opening brief are waived."). Even if this Court considered this argument, it would not change the outcome. Assuming the debt was accelerated at the foreclosure date of July 2010, the six-year statute of limitations would have started that date but would have been tolled during the trustee's sale process and proceedings before the King County Superior Court. The statute of limitations is tolled during the pendency of a Notice of Trustee Sale, meaning that the limitations period here was tolled for 120 days (the cap pursuant to RCW 61.24.040(6)) between the Notice of Trustee Sale on July 29, 2010 and the discontinuation on September 23, 2011. *See Bingham v. Lechner*, 111 Wash. App. 118, 127, 45 P.3d 462 (2002) (pendency of non-judicial foreclosure tolls statute of limitations); *see also* Dkt. # 17 at 7-8. This would mean that the statute of limitations would not have run by the time BANA filed its judicial foreclosure claim. The statute of limitations was also tolled for two years from July 3, 2014 to July 27, 2016 while

BANA's case before the King County Superior Court was pending. RCW 4.16.170; *see also Dumarce v. Christensen*, No. CV-05-419-FVS, 2007 WL 2572315, at *2 (E.D. Wash. Sept. 5, 2007). Assuming the July 2010 start date of the Notice of Trustee Sale, the six-year statute of limitations would have therefore not run by the time BANA filed its second judicial foreclosure claim in April 2018.

Ultimately, with the current record, the Court cannot find that Plaintiffs' debt was accelerated. Without such a finding, the Court cannot determine that the six-year statute of limitations has run. Accordingly, the Court **DENIES** Plaintiffs' Motion for Summary Judgment on this point.

### iv. Viability of Claim of Title

Plaintiffs' final argument claims that without a viable foreclosure claim, BANA cannot assert possession over the property and therefore has no legitimate claim to title. Dkt. # 59 at 24. However, because this Court has not yet dismissed BANA's judicial foreclosure claim, and does not do so in this Order, it cannot find for Plaintiffs on this point. This portion of Plaintiffs' argument is dependent on success in the other portions, which the Court rejects in this Order.

Accordingly, for the reasons stated above, the Court **DENIES** Plaintiffs' Motion for Summary Judgment.[3]

### B. Motion to Continue Hearing

The second motion before the Court is BANA's Motion to Continue Hearing on Motion for Summary Judgment ("Motion to Continue"). Dkt. # 60. On October 29, 2018, Plaintiffs filed their Motion for Summary Judgment against BANA. Dkt. # 59. In

---

[3] In its Opposition, BANA also contends that Plaintiff is equitably estopped from quieting title based on his actions in requesting loan modifications in 2010, 2013, and 2014. Dkt. # 62 at 8-9. Although this is one of BANA's affirmative defenses, BANA presents this issue as one reason to deny Plaintiffs' Motion for Summary Judgment. *Id.* at 9. Because BANA gives no indication that it is cross-moving on this issue, and because this Court is denying Plaintiffs' Motion for Summary Judgment on other grounds, it will not address BANA's equitable estoppel argument in this Order.

its Motion to Continue, BANA claims that Plaintiffs attached multiple exhibits to their Motion that were not disclosed during discovery, and Plaintiff refused to sit for depositions until very late in the case. Dkt. # 60 at 1-2. BANA explained that it would file an opposition to Plaintiffs' Motion for Summary Judgment but requested leave to provide a supplemental opposition with facts and evidence that were not available to at the time it was required to file a response. *Id*. BANA explains that Plaintiffs' deposition transcript was not finalized by its response deadline, and it was still working to obtain an affidavit from former Defendant Carrington Mortgage Services, LLC ("Carrington"), refuting Plaintiffs' Motion. Dkt. # 60 at 3.

Despite this seeming informational deficiency, on November 19, 2018, BANA filed its Response to Plaintiff's Motion for Summary Judgment, again explaining that it intended to supplement its Response with the Carrington declaration. Dkt. # 62. Plaintiffs oppose BANA's Motion to Continue, explaining that Defendant has failed to state how the further discovery will help BANA defeat summary judgment. Dkt. # 65 at 2-5. BANA did not file any reply to address Plaintiffs' arguments.

Although BANA styles its Motion as one requesting a continuance of a hearing, no hearing was ever set for Plaintiff's Motion for Summary Judgment. Accordingly, the Court construes BANA's Motion as one arising under Rule 56(d). Federal Rule of Civil Procedure 56(d) "'provides a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence.'" *Atigeo LLC v. Offshore Ltd. D*, No. C13-1694JLR, 2014 WL 1494062, at *3 (W.D. Wash. Apr. 16, 2014) (quoting *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002)). Rule 56(d) states that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," the court may defer considering the motion, deny the motion, allow time to obtain affidavits or declarations to take discovery, or "issue any other appropriate order." Fed. R. Civ. P. 56(d). However, "'[t]he district court does not abuse its discretion by denying further

discovery if the movant has failed diligently to pursue discovery in the past.'" *Conkle v. Jeong*, 73 F.3d 909, 914 (9th Cir. 1995) (quoting *Cal. Union Ins. Co. v. Am. Diversified Sav. Bank*, 914 F.2d 1271, 1278 (9th Cir. 1990)); *see also Landmark Dev. Corp. v. Chambers Corp.*, 752 F.2d 369, 372 (9th Cir. 1985) (ruling that the district court did not abuse its discretion in denying a Rule 56(d) motion for further discovery where the moving parties did not adequately explain their failure to proceed with additional depositions promptly).

The Court agrees with BANA that given the circumstances, where Plaintiff refused to provide any discovery until very late in the litigation, and some for the first time on summary judgment, BANA is theoretically entitled to additional time to supplement its opposition. However, BANA fails to provide a justification for how this additional discovery would aid it in opposing Plaintiff's Motion for Summary Judgment. Rule 56(d) requires the nonmovant to make "(1) a timely application which (2) specifically identifies (3) relevant information, (4) where there is some basis for believing that the information sought actually exists." *VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir. 1986). A Rule 56(d) affidavit or declaration must identify "the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." *Sec. & Exch. Comm'n v. Stein*, 906 F.3d 823, 833 (9th Cir. 2018) (quoting *Tatum v. City & Cty. of S.F*, 441 F.3d 1090, 1100 (9th Cir. 2006)). "The facts sought must be 'essential' to the party's opposition to summary judgment," *id.* (quoting Fed. R. Civ. P. 56(d)), "and it must be 'likely' that those facts will be discovered during further discovery," *id.* (quoting *Margolis v. Ryan*, 140 F.3d 850, 854 (9th Cir. 1998)). The burden is on the party seeking to conduct further discovery "to show what material facts would be discovered that would preclude summary judgment." *Klingele v. Eikenberry*, 849 F.2d 409, 412 (9th Cir. 1988); *see also Conkle*, 73 F.3d at 914 ("The burden is on the party seeking to conduct additional discovery to put forth sufficient facts to show that the evidence sought exists.").

ORDER – 12

BANA has made no such showing that the facts it seeks through additional discovery are "essential" to its opposition. BANA does not identify any specific area where additional discovery, or the Carrington declaration, would yield relevant information. The only evidence BANA provides is a three-page declaration attaching a litany of discovery-related communications with Plaintiffs, and a two-sentence explanation that BANA and Carrington were working to "prepare a response" to Plaintiff's Motion for Summary Judgment that could be filed within two weeks. Dkt. # 61. BANA does not explain what this response will say or show, and fails to explain how any additional requested discovery would help it oppose summary judgment. This paltry showing falls far below the standards for a Rule 56(d) request. Moreover, because this Court is denying Plaintiff's Motion for Summary Judgment, and BANA gives no indication it intends to cross-move for summary judgment, the Court finds additional discovery would be unnecessary on these grounds. A continuance would thus not be needed to obtain facts essential to preclude summary judgment.

Accordingly, the Court **DENIES** Defendant's Motion to Continue. Dkt. # 60.

## III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Summary Judgment (Dkt. # 59) and **DENIES** Defendant's Motion to Continue (Dkt. # 60).

Dated this 29th day of January, 2019.

_____

The Honorable Richard A. Jones
United States District Judge

ORDER – 13