HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HENRY A. UMOUYO and ANIEDI H. UMOUYO,

    Plaintiffs,

    v.

BANK OF AMERICA, N.A. *et al.*,

    Defendants.

Case No. 2:16-CV-01576-RAJ

ORDER

This matter comes before the Court on Plaintiffs' "MOTION for Reconsideration, CLEARIFY [SIC] ORDER DENYING MOTION TO DISMISS, AND DELAY DECISION ON MOTION FOR ORDER OF SUMMARY JUDGMENT" ("Motion for Reconsideration"). Dkt. # 67. For the reasons below, the Court **DENIES** Plaintiffs' Motion for Reconsideration.

Motions for reconsideration are disfavored and will be granted only upon a "showing of manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the court's] attention earlier with reasonable diligence." Local R. W.D. Wash. ("LCR") 7(h)(1).

<u>First</u>, Plaintiffs argue the Court erred in finding that in his Motion to Dismiss (Dkt.

ORDER – 1

# 47), Plaintiff Henry Umouyo failed to adequately apply the doctrine of collateral estoppel, as opposed to res judicata, to the facts of this case. Dkt. # 67 at 2-4. As this Court ruled, the Motion to Dismiss made passing mention of collateral estoppel, but failed to list the relevant elements for collateral estoppel, failed to show how they applied in the present case, and conflated the actual application of the collateral estoppel doctrine with that of res judicata.[1] Dkt. # 66 at 5, n. 3. For instance, although Plaintiffs now contend that collateral estoppel should work to bar relitigation of the "Face to Face Meeting" issue, in the Motion to Dismiss, Plaintiff Henry Umouyo provided no analysis about whether Defendant Bank of America, NA ("BANA") had a "fair and full opportunity to litigate this issue" in light of the King County Superior Court's decision denying BANA's attempt to provide evidence of an attempted face-to-face meeting. Dkt. # 47. The first time such an argument appeared was in Plaintiffs' Motion for Reconsideration (Dkt. # 67 at 4), which is improper. *See Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) ) ("A motion for reconsideration 'may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'").

<u>Second</u>, Plaintiffs repeat the argument that the Court erred by not holding the Order from King County Superior Court, which dismissed BANA's judicial foreclosure claim "without prejudice," was nevertheless "effectively 'WITH PREJUDICE' since the Defects that led to the Dismissal cannot be Cured." Dkt. # 67 at 5. Plaintiffs cite authorities, such as *Munden v. Hazelrigg*, 105 Wash. 2d 39, 44, 711 P.2d 295, 298

---

[1] Under Washington law, collateral estoppel applies where: "(1) the issue in the earlier proceeding is identical to the issue in the later proceeding, (2) the earlier proceeding ended with a final judgment on the merits, (3) the party against whom collateral estoppel is asserted was a party, or in privity with a party, to the earlier proceeding, and (4) applying collateral estoppel would not be an injustice." *Schibel v. Eymann*, 189 Wash. 2d 93, 99, 399 P.3d 1129, 1132 (2017). "Collateral estoppel precludes only those issues that were actually litigated and necessary to the final determination in the earlier proceeding." *Id*.

ORDER – 2

(1985), that analyze whether an order dismissing an action without prejudice is sufficiently final for purposes of appealability under RAP 2.2(a)(3). Dkt. # 67 at 5. None of these cases hold that a denial "without prejudice" somehow becomes a denial "with prejudice," and thus deserves preclusive effect, by a denial of a motion to reopen the case.[2] As this Court noted, Plaintiffs are again attempting to rewrite the clear language of the King County Superior Court's Order, which dismissed BANA's claim "without prejudice." Dkt. # 66 at 5-6.

Third, Plaintiffs claim the Court erred by not treating compliance with the HUD regulations as express conditions precedent to foreclosure. Dkt. # 67 at 6. The Court made no such ruling; instead, the Court determined that it could not reach such determinations on factual issues on a Rule 12 Motion to Dismiss. Dkt. # 66 at 6-7. The Court reasoned that such inquiries were better suited for summary judgment, and Plaintiffs were free to bring these issues before the Court then. Moreover, Plaintiffs' request that this Court order BANA to prove compliance with HUD's regulations is **DENIED**. Dkt. # 67 at 6. This is an inquiry for summary judgment or trial, not a Rule 12 motion or a motion for reconsideration.

Fourth, Plaintiffs claim the Court erred in determining that under Washington law, dismissals without prejudice are not judgments on the merits for purposes of res judicata. Dkt. # 67 at 6. Plaintiffs repeat several case citations, but frequently misstate the holdings of these authorities. For instance, Plaintiffs claim that *Munden v. Hazelrigg* held that "that when the effect of a dismissal without prejudice is to determine or discontinue the action, there is bar [sic] (Res judicata) to a subsequent suit." Dkt. # 67 at

---

[2] Moreover, this Court is still not persuaded, at this point, that the decision of the King County Superior Court to prohibit BANA from introducing prior evidence of an attempted face-to-face meeting necessarily means this Court is bound by that evidentiary decision. Again, although Plaintiffs contend this decision is one "with prejudice," these words do not appear in the Order from the King County Superior Court; to add them at this point would be to rewrite the Order. Dkt. # 67 at 2. Plaintiffs provide no authorities that would compel that BANA is forever barred from foreclosing against Plaintiffs, by virtue of being eternally barred from conducting a face-to-face meeting.

ORDER – 3

7. Instead, *Munden* was silent as to res judicata, and held there that a case was not appealable because "the filing of a new action is possible," which runs counter to Plaintiffs' point. *Munden*, 105 Wash. 2d at 44. Generally, the cases Plaintiffs cite do not address whether, in Washington, dismissals without prejudice are decisions "on the merits" and thus have preclusive effect through res judicata, as Plaintiffs claim they do. Instead, as the Court cited in its Order, the rule in Washington is that dismissals without prejudice are not final judgments on the merits for purposes of res judicata. Dkt. # 66 at 5. The Court sees little reason to depart from this finding.

Finally, Plaintiffs' <u>fifth</u> assignment of error is a confusing mishmash of seemingly inapplicable legal authorities and rhetorical questions, but appears to fault the Court for not rejecting BANA's judicial foreclosure claim because it was not reasserted as a compulsory counterclaim in BANA's Answer to Plaintiffs' Amended Complaint. Dkt. # 67 at 9-11. This mirrors Plaintiffs' argument in their Motion for Summary Judgment, and the Court will reject it here for the same reasons it did in its Order Denying Plaintiffs' Motion for Summary Judgment. Dkt. # 69.[3]

Accordingly, for these reasons, the Court **DENIES** Plaintiffs' Motion for Reconsideration. Dkt. # 67.

Dated this 30th day of January, 2019.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

---

[3] To the extent Plaintiffs' Motion for Reconsideration requests additional clarification of its Orders or delay in resolution of Plaintiffs' outstanding motions, these requests are also **DENIED**. Dkt. # 67 at 11-12. The Court has offered ample justification for why it denied Plaintiffs' previous motions, and has ruled on all of Plaintiffs' outstanding motions.

ORDER – 4